UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================X

CHARLES BLAKE,                                                    **JURY TRIAL**
                                                                 **DEMANDED**
                              Plaintiff(s),                      21-cv-00188 (RA)

    -against-                                                    **FIRST AMENDED**
                                                                 **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER MEYLIN ALIFONZO,
POLICE OFFICER EDVINAS VAREIKA, POLICE
OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS
JOHN DOE #4 – 6, said names being fictitious and
representing the unknown and intended to be named later
New York City Police Department Officers and Captain
involved in the occurrence herein, individually and in their
respective capacities as members of the New York City
Police Department,
                              Defendants.
========================================X

        CHARLES BLAKE, by and through his attorneys, ETHAN D. IRWIN, P.L.L.C., as and

for their Complaint against Defendants, alleges and shows to the Court as follows:

### PRELIMINARY STATEMENT

        1. This is a Civil Action seeking monetary relief, (including past and ongoing economic

loss), compensatory and punitive damages, injunctive relief, attorney's fees, costs, and

disbursements for violation of Plaintiff's Civil and Constitutional Rights, including the First,

Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, pursuant 42

U.S.C. §§ l983, 1988, and 1981; and other New York State and Common Law causes of action,

including false arrest, false imprisonment, intentional infliction of emotional distress, negligent

infliction of emotional distress, malicious prosecution, negligent hiring, negligent training,

negligent retention, and negligent supervision.

        2.        Specifically, Plaintiff alleges that THE CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER

EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6 (collectively referred to herein as "Defendants") did intentionally, negligently, wantonly, recklessly, knowingly and purposefully, acting individually and in conspiracy with each other, sought to deprive the Plaintiff CHARLES BLAKE (hereinafter, "Plaintiff" or "MR. BLAKE") of his Civil Rights, and did commit tortious acts upon MR. BLAKE through a pattern of abuse and a campaign of violence.

3.      Said acts heretofore mentioned were done knowingly, at the direction of, and with the consent and condonation, of Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, with the express purpose of punishing, silencing, isolating, removing, and retaliating against MR. BLAKE, and generally violating the rights of MR. BLAKE, as protected by the United States and New York State Constitutions, Federal and State statutes, rules, and regulations. Said illegal activities were known to the Defendants and were accepted and supported as policy, custom, and practice.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(a)(1), (2), (3), and (4), 42 U.S.C. § 1983, 42 U.S.C. § 1985. Pendant and/or supplemental jurisdiction over Plaintiff's New York State and Common Law claims is proper pursuant to 28 U.S.C. § 1367.

5.      Venue herein is proper pursuant to 28 U.S.C. § 139l(b), based on the residence of Plaintiff and the place where the actions complained of herein have occurred.

## PARTIES

6.      Plaintiff is a citizen of the United States, and at all relevant times was and is a resident of the County of Bronx, City and State of New York.

7.      The Defendants, THE CITY OF NEW YORK (hereinafter, "the City") and NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD"), were and are Federal and State funded organizations, organized and existing under the laws of the City and State of New York. Further, the City is a municipal entity created and authorized under the laws of the State of New York and it is authorized to maintain a police department, which acts as its agent in the area of law enforcement, and for which the City is ultimately responsible. The City assumes the risk incidental to the maintenance of a police force, and the employment of police officers, including Defendants POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6 (hereinafter, "Police Officer Defendants"), as said risk attaches to the public consumers of the services provided by the City.

8.      Defendant the City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City, who was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the Defendants referenced herein.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and of the City and State of New York.

9.      The Police Officer Defendants were and are, at all relevant times herein, officers,

employees, and agents of the Defendant NYPD, a municipal agency and public authority of the Defendant  City, and were at all relevant times employees of the NYPD and City and were and are employed, trained, and terminated by the NYPD and City.  The NYPD maintains offices at 1 Police Plaza, New York, NY 10038.

10.     The City and NYPD were and are at all relevant times in connection with the acts sued herein decision and policy-making bodies with control over the deployment and supervision of NYPD officers throughout the City of New York, including Bronx County.

11.     During all times mentioned herein, the Defendants and each of them separately and in concert, engaged in acts and/or omissions which constituted deprivations of MR. BLAKE's constitutional rights, equal protections, and his privileges and immunities, and while these acts were carried out under color of law, they had no justification or excuse and were instead illegal, improper, and unrelated to any activity in which Defendants and/or law enforcement officers may appropriately and legally engage in the course of protecting persons and/or ensuring civil order.

12.     Upon information and belief, and at all times herein mentioned, Defendants the City, NYPD, and "Captain" John Doe were and are in a supervisory position during the acts sued herein and were decision and policy-makers with control over the deployment and supervision of NYPD employees throughout the City of New York , including John Doe Police Officer Defendants herein.

13.     POLICE  OFFICER  MEYLIN  ALIFONZO,  POLICE  OFFICER  EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, said names being fictitious and representing the unknown and intended to be named later NYPD Officers involved in the occurrence herein, individually and in their respective capacities as employees and members of the NYPD, were and are responsible for law enforcement, security,

safety, and/or emergencies within the City of New York, were involved in the incident on or about June 5, 2020, were and are employees of Defendants the City and NYPD. POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6 were present at location of the subject incident on the date in question, employed in their capacity as NYPD officers.

14.     Each and every Defendant acted in collusion with, and as agents of, each other, during the abuse and assault of MR. BLAKE on or about June 5, 2020.  Each and every Defendant are liable for Plaintiff's injuries therefor both in their individual and in their official capacity for actions taken at and during the events complained of.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.     Under a policy, pattern, and practice set and enforced by Defendants City and NYPD from June 1, 2020, through June 8, 2020, the City and NYPD, and NYPD Officers herein, unlawfully enforced, punished, and restricted otherwise legal actions by MR. BLAKE by illegally prohibiting him from being outside his home for any lawful purpose during certain hours of the day/night and/or lawfully exercising his freedom of movement, freedom of speech, his right to equal protection under the law and his right to be free from search, seizure, and arrest in the absence of probable cause in violation of the U.S. Constitution (hereinafter referred to as the "Curfew Order").

16.     Further, pursuant to Defendants' policy, pattern, and practice, NYPD officers, specifically including Defendants POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, stopped, searched, seized, assaulted, utilized excessive and unnecessary force, and then arrested the Plaintiff without probable cause, even though he had

committed no crime, was lawfully outside his home, and/or exercising his right to free movement, travel, free assembly, and free speech, all in violation of the U.S. Constitution.

17.    Defendants' policy, pattern, and practice was enforced in predominantly low income, minority neighborhoods and/or otherwise in a manner that predominantly and disparately impacted individuals based on racial classifications while white affluent communities were largely permitted to violate the mandatory Curfew Orders without consequence in violation of the U.S. Constitution.

18.    Defendants' policy, pattern, and practice was constitutionally unnecessary and unjustified under the circumstances, not narrowly or rationally tailored to the purported purpose for which these policies were allegedly put into practice, and overly restrictive and harsh when balanced against the dangers they were purportedly designed to prevent when far less restrictive measures were readily available, in violation of the U.S. Constitution.

19.    In the wake of then recent law enforcement incidents, including following the tragic death of George Floyd, tens of thousands of individuals exercising their constitutional rights under the First Amendment to voice their outrage at the repulsive abuse of power that had occurred, began protests and demonstrations in major cities across the country, including New York City, which began on or around May 28, 2020.  Indeed, thousands of marchers, protestors, and demonstrators began gathering in various sections of the five boroughs to protest police brutality against Black and minority communities to address the continuing and systemic racial disparities, inequities, and injustices present in law enforcement practices across the country.  The vast majority of those protests were peaceful.

20.    The very limited incidents of reports of property destruction, vandalism, and looting that occurred in the Bronx, the County where Plaintiff resides, was restricted to stores on  Fordham

Road from Webster Avenue to Jerome Avenue, which is almost four (4) miles from MR. BLAKE's residence.

21.     Despite those facts, the City and NYPD began to enforce a blanket, illegal, unjustified, and unconstitutional Curfew Order starting on June 1, 2020 across New York City's five (5) boroughs. The Curfew Order made it illegal and unlawful for any City resident to set foot outside their home between the hours of 11:00 p.m. June 1, 2020, and 5:00 a.m. on June 2, 2020 ("June 1 Order"). The June 1 Order proscribed that during the aforementioned period, "no persons or vehicles may be in public," and that "any person who knowingly violate[d] the provisions in this Order [would] be guilty of a Class B misdemeanor."

22.     Then on June 2, 2020, Defendants began enforcing a second Curfew Order, which was substantially identical to the June 1 Order, but which extended and expanded the duration of citywide home confinement from the hours of 8:00 pm to 5:00 am from June 3, 2020, through June 8, 2020 ("June 2 Order").

23.     Prior to the June 1 Order and June 2nd Order (collectively the "Curfew Orders"), the last time an official curfew was imposed anywhere in New York City was in 1943, when then-mayor Fiorello LaGuardia ordered a curfew to halt Harlem protests after police shot and injured an African American soldier.

24.     However, unlike the present Curfew Orders, the 1943 curfew was imposed in connection with the deployment of the National Guard in order to curb race riots which had already enveloped the neighborhood, claimed the lives of 6 individuals and injured 495. In 1943 New York City had a small fraction of the population of the City today and the curfew was imposed solely in Harlem and it lasted for approximately one day.

25.     Since the United States was established, the imposition of oppressive restrictions

like curfews – especially in a city the size of New York – has virtually always been resoundingly outweighed by the value that our country places on personal liberties and freedoms guaranteed under the Constitution.

26.     The United States Supreme Court has held that "[t]he freedom to leave one's house and move about at will is 'of the very essence of a scheme of ordered liberty,'" and that as a consequence "a curfew aimed at all citizens could not survive constitutional scrutiny…even though such a general curfew…would protect those subject to it from injury and prevent them from causing 'nocturnal mischief.'" Bykofsky v Borough of Middletown, 429 US 964, 964-65 (1976).

27.     That is, without at the time of the enactment an existing, clear, and imminent danger, so substantial that it would outweigh the fundamental freedoms that the government seeks to strip away, such sweeping prohibitions on constitutionally guaranteed rights are unjustified. The Defendants have violated Plaintiff's right not to be deprived of liberty without due process of law; to be free from search, seizure, and arrest not based upon probable cause; freely move lawfully outside one's home; to receive equal protection under the law; and to peaceably assemble and express free speech.

28.     Despite that, from June 1, 2020, through June 7, 2020 Defendants' Curfew Orders made it illegal for millions of City residents to exercise their freedom of movement, freedom of speech, freedom of assembly, and/or otherwise leave their home for any reason, with certain very limited exceptions, during the hours set forth in the Order. Significantly, all but the first day of the Curfew Order began at a time when it was still daylight out.  Additionally, the exceptions to this rule were for "police officers, peace officers, firefighters, first responders and emergency medical technicians, individuals travelling to and from essential work and performing essential work, people experiencing homelessness and without access to a viable shelter, and individuals seeking

medical treatment or medical supplies." Although essential workers were made exempt only if they were working, all other enumerated individuals (police officers, peace officers, firefighters, first responders and emergency medical technicians) were exempt regardless of whether they were on or off duty. So, if an off-duty police officer wanted to go outside, for any purpose, he or she was free to do so while a non-officer was confined to house arrest. This is an absurd distinction that shows the wrongfulness and unconstitutionality of the Curfew Orders.

29.  Clearly, the actions of the City and NYPD, including Defendants POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, were unjustifiable. In fact, there were approximately 1,000 arrests (250 per day) during the four (4) days of protesting in the City *before* the imposition of the illegal and unconstitutional curfew.

30.  That should be contrasted with the fact that, prior to this in New York City, during January and February 2020 there were, on average, 536 arrests per day. See generally, NYPD COMPSTAT (https://compstat.nypdonline.org).

31.  In other words, the City as a whole was actually significantly safer during this time-period then it was during regular, non-curfew periods.

32.  Furthermore, the City's purported justification was plainly meritless: it was a "new tool" to "magnify [defendants'] ability to control the situation" and to "strengthen the strategies" of law enforcement to curb criminal activity. Just like the City's "Stop and Frisk" policy, any potential crime reduction achieved by the imposition of an illegal curfew is not justified by blanket Constitutional Violations. In fact, much less restrictive measures could have been imposed and enforced by the City, NYPD, and POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6. The Curfew Orders and their enforcement were grossly disproportionate to

any purported need.

33.    MR. BLAKE was a victim of the illegal Curfew Orders, like over 1,300 other New

Yorkers, when, while lawfully present underneath an overhang outside the front of his home

residence at 350 East 143rd Street, Bronx, New York, doing nothing more than being in front of  his

building in public after 8:00 p.m., and engaging in activity which would have been otherwise lawful

in the absence of the Curfew Orders, on or about June 5, 2020, between approximately 8:00 p.m.

and 9:00 p.m. he was illegally stopped, assaulted, subjected to excessive and unnecessary force,

searched, seized, handcuffed, arrested, issued a criminal summons, and criminally prosecuted.

34.    That on or about June 5, 2020, MR. BLAKE was alleged to have violated The City

of New York's unconstitutional and illegal Curfew Orders.

35.    In addition to the unconstitutional enactment and enforcement of the Curfew Orders

as a whole, the impact of the Curfew Orders was disproportionally enforced on Black and minority

individuals, and residents of predominantly Black and minority neighborhoods, such as MR.

BLAKE.  Specifically, MR. BLAKE, as well as other Black and minority individuals, comprise

only 40% of the City's total population, but somehow received nearly 70% of the curfew arrests

and summonses (over 2 times as many as their white counterparts) during the Defendants'

enforcement of the Curfew Orders.

36.    It is readily apparent that the Defendants illegally and unconstitutionally enforced

their illegal and unconstitutional Curfew Orders on minority individuals such as MR. BLAKE.

37.    As a result of Defendants' enforcement of their unconstitutional Curfew Orders,

MR. BLAKE was deprived of his freedom of movement and assembly, freedom of speech and

subjected to deprivations of liberty in the form of excessive and unnecessary force, stop, search,

seizure, arrest, summons, handcuffing, and criminal prosecution for doing nothing more than being

outside of his home in public after 8:00 p.m. and engaging in otherwise lawful activity.  The enforcement of the Curfew Orders was visited primarily, predominantly, and impermissibly on MR. BLAKE as a Black and minority resident of New York City in violation of his constitutional guarantee of Equal Protection under the law.  Only after threat of lawsuit by the New York Civil Liberties Union and a number of other legal rights groups, did the City rescind the illegal and unconstitutional Curfew Orders on or about June 8, 2020.

38.     The Curfew Orders were unconstitutionally overbroad, and not narrowly or rationally tailored to the purported dangers for which they were designed to protect. Further, the Curfew Orders were overly severe in comparison to the dangers presented prior to their institution and overly restrictive, severe, and unbalanced in proportion to the liberty interest at stake and the level of their constitutional infringement.

39.     At or about the aforesaid time and place, MR. BLAKE was approached by approximately five (5) NYPD officers and one NYPD captain, believed to be POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6,, and believed assigned to NYPD Police Service Area 7 (hereinafter, "PSA 7"), Special Victims Division, and PSA 7, respectively, and immediately instructed MR. BLAKE to put his hands behind his back, which he did.

40.     Upon information and belief, at the direction of one of the Police Officer Defendants, believed to be an NYPD captain based upon his wearing a white shirt, MR. BLAKE was then unreasonably, unjustifiably, and illegally attacked, being picked-up off of his feet by an NYPD officer and violently slammed to the ground, causing injury to his right eye, necessitating hospital and medical treatment.

41.    Upon information and belief, at no time did any of the NYPD officers or captain advise MR. BLAKE why he was violently slammed to the ground, being taken into custody, or that he was being arrested for violating the aforesaid illegal Curfew.

42.    Upon information and belief, one of the officers lifted MR. BLAKE off the ground, slammed him to the ground, and then handcuffed him behind his back, making the handcuffs unreasonably and excessively tight, and despite MR. BLAKE's protest about the overly tight handcuffs, they were not loosened.

43.    Upon information and belief, MR. BLAKE was placed inside a NYPD police car and taken to PSA 7.

44.    Upon information and belief, MR. BLAKE was then placed inside a holding cell for approximately a few hours.

45.    Upon information and belief, after being left inside that holding cell, MR. BLAKE was then released, at which time he was issued a desk appearance ticket for his arrest for violating the Curfew Orders.

46.    Upon information and belief, the case against MR. BLAKE for violating the Curfew was dismissed on or about September 9, 2020.

47.    Acting in collusion and concert, Defendants POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, upon information and belief, without proper authority or justification under the circumstances, did use excessive and unnecessary physical force upon MR. BLAKE.

48.    Upon information and belief, Defendants the City and NYPD failed to take proper and necessary disciplinary or corrective action against Defendants POLICE OFFICER MEYLIN

ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6.

49.    Upon information and belief, Defendants POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6are still employed by the City and NYPD and have never been disciplined or otherwise reprimanded for their unconstitutional actions, illegal seizure and arrest, and excessive, and unnecessary use of force.

50.    Upon information and belief, the other Police Officer Defendants were aware of and witnessed the illegal assault and arrest, but failed to intervene.

51.    As a result of the illegal assault, MR. BLAKE suffered injury to his head and face, specifically including his right eye, requiring emergency medical treatment at Lincoln Hospital in Bronx, New York, and has and will continue to have mental anguish and emotional distress as a direct result of the incident.  MR. BLAKE has been forced to endure pain and suffering, emotional distress, humiliation, and injury to his reputation as a direct result of the actions and inactions taken by and on behalf of the Defendants, and without interference from the named Defendants.

52.    A Notice of Claim has been filed for the incident and the appropriate procedures for the incident have been complied with.  Specifically, a 50-H hearing has been held with respect to the incident and Defendants have had more than 30 days within which to adjust the underlying subject claim, and have not done so.

53.    That the Defendants were at all times herein acting under color of State Law, and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York and/or Bronx County.  That the Rights of the Plaintiff violated as alleged

herein are so clearly established that a reasonable person under the circumstances presented would have known the said conduct and actions by the Defendants was a violation of the Plaintiff's Rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force – 42 U.S.C. § 1983)**

54.     Plaintiff repeats and reiterates the allegations set forth paragraphs "1" through "53" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

55.     That the Defendants involved in the subject incident on or about June 5, 2020, in their official and individual capacities, did violate the Fourth Amendment Rights of Plaintiff MR. BLAKE.

56.     That on or about June 5, 2020, the Defendants, in their official and individual capacities, did violate MR. BLAKE's Fourth Amendment Rights by causing him to be Falsely Arrested, Falsely Imprisoned, maliciously prosecuted, illegally detained, and apprehended with unreasonable and Excessive Force under the circumstances then and there existing.

57.     That the actions of these Defendants against Plaintiff were objectively excessive and unreasonable.

58.     That Plaintiff's Fourth Amendment Right to be free from Excessive Use of Force are Rights that are so clearly established that a reasonable person under the circumstances presented herein would have known the said conduct was a violation of the Plaintiff's Rights.

59.     That the Defendants POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, in their official and individual capacities, failed to intervene.

60.    Defendants, acting under color of State Law, have caused Plaintiff to be deprived of his Rights, Privileges, and Immunities as secured by the Constitution of the United States, and other federal laws: namely, the Fourth Amendment to the Constitution of the United States; and 42 U.S.C. § 1983.

61.    Defendants are and were aware that their actions against Plaintiff were a violation of the Rights granted to Plaintiff pursuant to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

62.    That at or about that time and place, POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6 acted with evil motive and intent and/or with callous indifference toward the Civil Rights of MR. BLAKE.

63.    As a result of the acts of each Defendant complained of, MR. BLAKE sustained injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of enjoyment of life, and other pecuniary loss.

## AS AND FOR A SECOND CAUSE OF ACTION
### (14th Amendment – 42 U.S.C. § 1983)

64.    Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "63" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

65.    Defendants, in their official and individual capacities, did violate the Fourteenth Amendment Civil Rights of MR. BLAKE.

66.    That on or about June 5, 2020 and thereafter, these Defendants did violate MR. BLAKE's Fourteenth Amendment Rights by engaging in conduct that is shocking to the conscience and is offensive to the community's sense of fair play and decency.

67.    Defendants, acting under color of State Law, have caused Plaintiff to be deprived

of his rights, privileges and immunities as secured by the Constitution, and other federal laws: namely, the Fourteenth Amendment to the Constitution of the United States; and 42 U.S.C. § 1983.

68.    Defendants are and were aware, that their actions against Plaintiff were a violation of the Rights guaranteed to Plaintiff pursuant to the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

69.    On or about June 5, 2020, Defendants acted with evil motive and intent and/or with callous indifference toward the Civil Rights of MR. BLAKE.

70.    Plaintiff was subjected unreasonable deprivations of his liberty, restrictions, and prohibitions on his freedom of travel and movement in the form of unconstitutional Curfew Orders.

71.    The Curfew Orders unconstitutionally restricted, prohibited, and/or otherwise curtailed Plaintiff's freedom of movement by confining him to house arrest under threat of stop, seizure, arrest, and prosecution.

72.    The Curfew Orders unconstitutionally restricted, prohibited, and/or otherwise curtailed Plaintiff's freedom of movement by subjecting Plaintiff to an illegal and improper stop, search, seizure, detention, confinement, arrest, summons, and criminal prosecution for doing nothing more than being in public outside of his home.

73.    Defendants illegal Curfew Orders, and enforcement thereof, have unconstitutionally restricted, prohibited, and/or otherwise curtailed Plaintiff's freedom of movement by "arresting" him in his movements and/or confining him to house arrest without a legitimate basis to do so under the law and without probable cause to believe that he has committed any crimes or violations of law.

74.    Defendants' Curfew Orders were enforced in a manner that disparately affected the rights movement and travel of minority residents of New York City in their own neighborhoods, specifically including MR. BLAKE.

75.     Defendants' policy was designed to keep MR. BLAKE inside of his home, thereby preventing him from exercising his right to be present and move freely for lawful purposes outside of his home on public areas, in violation of his rights as secured by the Fifth and Fourteenth Amendments.

76.     Defendants' Curfew Orders were unnecessary and unjustified so as to deprive Plaintiff of his fundamental right to freedom of travel and movement under the Fifth and Fourteenth Amendments as the circumstances of criminal activity prior to the imposing of the Curfew Orders was quite limited in scope, severity, and location.

77.     Defendants' Curfew Orders were unconstitutionally overbroad, and not narrowly or rationally tailored to the purported dangers for which they were designed to protect, in violation of the Fifth and Fourteenth Amendment.

78.     Defendants' Curfew Orders were improperly balanced under the Fifth and Fourteenth Amendments in that the criminal sanctions and liberty restrictions were overly severe in comparison to the dangers presented prior to their institution.

79.     As such, Defendants' conduct in having and implementing said policy is in direct violation of Plaintiff's rights, freedom of movement and travel as secured by the Fifth and Fourteenth Amendments.

80.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

81.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated, subjected to handcuffing, excessive force, and other restraints, without probable cause.

82.     As a result of the acts of each Defendant complained of, MR. BLAKE sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

### AS AND FOR A THIRD CAUSE OF ACTION
### (1st Amendment – 42 U.S.C. § 1983 )

83.     Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "82" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

84.     Defendants, in their official and individual capacities, did violate the First Amendment Civil Rights of MR. BLAKE.

85.     That the actions taken by Defendants violated Plaintiff's First Amendment right to freedom of speech and peaceably assemble.

86.     Defendants' unlawful and unconstitutional conduct constituted a Prior Restraint on Plaintiff's ability to peaceably assemble and engaged in protected speech in his own neighborhood, public sidewalk, and in areas open and freely accessible to the general public.

87.     Defendants' Curfew Orders were enforced in a manner that prohibited the peaceable gathering of minority residents of New York City in their own neighborhoods.

88.     Defendants' policy was designed to keep said residents inside of their homes thereby preventing them from exercising their rights to speech and peaceably assemble on public streets and areas in violation of their rights as secured by the First Amendment.

89.     The Curfew Orders were enforced in a manner that prevented minority residents in low-income neighborhoods, including MR. BLAKE, from exercising his right to assemble whatsoever in his own neighborhood in areas that are and should be accessible to the public at large in violation of his rights under the First Amendment.

90.     Defendants' Curfew Orders were unnecessary and unjustified under the First Amendment as the circumstances of purported criminal activity prior to the imposing of the Curfew Orders were quite limited in scope, severity, and location.

91.     Defendants' Curfew Orders were unconstitutionally overbroad, and not narrowly or rationally tailored to the purported dangers for which they were designed to protect in violation of MR. BLAKE's First Amendment Rights.

92.     Defendants' Curfew Orders were improperly balanced under the First Amendment in that the criminal sanctions and liberty restrictions were overly severe in comparison to the dangers presented prior to their institution.

93.     As such, Defendants' conduct in having and implementing said policy is in direct violation of Plaintiff's right to freedom of speech and assembly as secured by the First and Fourteenth Amendments.

94.     Defendants are and were aware, that their actions against Plaintiff were a violation of the Rights guaranteed to Plaintiff pursuant to the First Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

95.     As a result of the acts of each defendant complained of, MR. BLAKE sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Equal Protection – Fifth and Fourteenth Amendments – 42 U.S.C. § 1983)

96.     Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "95" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

97.   The Curfew Order was enforced against Plaintiff in a manner that disparately affected him based on his racial demographics, in violation of his rights as secured by the Fifth and Fourteenth Amendments of the Constitution.

98.   The conduct of the City has been to enforce their illegal Curfew Orders disproportionally in predominantly Black and minority neighborhoods although these Orders were constitutionally illegitimate, and MR. BLAKE had committed no crimes or violations of law.

99.   Other similarly situated white residents have not been impacted or targeted in the same manner by the illegal Curfews in violation of MR. BLAKE's rights as a racial minority, as secured by the Fifth and Fourteenth Amendments to the Constitution.

100.   As a result of the foregoing, the Plaintiff, as a member of a certain racial classification, was disproportionally subjected to heavier and stricter enforcement of the illegal Curfew Orders in the form of a confrontation with NYPD, a stop, search, seizure, arrest, restraint, confinement, assault, battery, excessive and unnecessary force, and criminal prosecution without any reasonable or compelling basis in violation of his rights under the Fifth and Fourteenth Amendments.

101.   Defendants are and were aware, that their actions against Plaintiff were a violation of the Rights guaranteed to Plaintiff pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

102.   As a result of the acts of each defendant complained of, MR. BLAKE sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Monell Claim – Unconstitutional Policies – 42 USC § 1983)

103.   Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "102" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

104.   That Defendants the City, NYPD, and "Captain" John Doe were Policymakers, for 42 U.S.C. § 1983 purposes, for the City and NYPD.

105.   That Defendants the City, NYPD, and "Captain" John Doe promulgated official Policies, Rules, and Regulations for the NYPD, with actual and/or apparent authority; Defendants enforcement of the Curfews, as well as an Official Policy allowing, permitting, and encouraging the use of Excessive Force by its employees, including the Police Officer Defendants, against victims who were subjected to enforcement of the illegal  Curfew  Orders  generally, including the Plaintiff MR. BLAKE, in violation of his Constitutional Rights and subjected New Yorkers to police confrontation in the form of stop, search, seizure,  arrest, handcuffing, summons, and criminal prosecution for being outside of their home in public after 8:00 p.m., and engaging in activity which would have been otherwise lawful in the absence of the Curfew Orders, and the enforcement and impact of the Curfew Orders were acutely felt by  residents of predominantly Black and minority neighborhoods, including MR. BLAKE.

106.   The acts complained of were carried out by these Defendants in their official and individual capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of Defendants and other ranking officers of NYPD.

107.   Further, the unlawful Curfew Orders were established and enforced by City policy-making officials within the City and NYPD and caused the deprivation of Plaintiff's rights.

108.   The aforementioned customs, policies, usages, practices, procedures, and rules of the City and NYPD include, but are not limited to, the following unconstitutional practices:

i. Establishing, implanting, and enforcing Curfew Orders in violation of the First, Fourth, Fifth, and Fourteenth Amendments;

ii. Subjecting the Plaintiff to deprivations of his liberty, freedom of movement and travel, assembly, and speech in the form of being stopped, searched, seized, arrested, summoned, handcuffed, and criminally prosecuted for doing nothing more than being outside of his home in public after 8:00 p.m. and engaged in otherwise lawful activity;

iii. Enforcing illegal Curfew Orders primarily, predominantly, and impermissibly on Black and minority residents of New York City, such as the Plaintiff, in violation of his constitutional guarantees of equal protection under the law;

iv. Subjecting the Plaintiff to false imprisonment, deprivation of his freedom of movement, freedom of speech, freedom of assembly in the form of house arrest under threat of confrontation with police, search, seizure, excessive force, arrest and/or criminal prosecution;

v. Enforcing Curfew Orders that were unnecessary and unjustified under the circumstances as criminal activity prior to the imposition of the Curfew Orders was quite limited in scope, severity, and location;

vi. Establishing and enforcing Curfew Orders which were unconstitutionally overbroad, and not narrowly or rationally tailored to the purported dangers for which they were designed to protect; and

vii. Establishing and enforcing Curfew Orders which were overly severe in comparison to the dangers presented prior to their institution and overly restrictive and unbalanced in proportion to the liberty interest at stake and level of constitutional infringement.

109.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct: to wit, multiple arrests, including the Plaintiff's, as well as the City's, NYPD's, and NYC Department of Investigation's own statements, statistics, and reports, as well as numerous allegations of excessive force.

110.   The foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

111.   The foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD was a direct and proximate cause of the constitutional violations suffered by Plaintiff.

112.   The foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD were the moving force behind the constitutional violations suffered by Plaintiff herein.

113.   As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, Plaintiff was subjected to police confrontation in the form of house arrest, stop, search, seizure, excessive force, arrest, handcuffing, summons, and criminal prosecution in the absence of any criminal behavior or wrongdoing.

114.   As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, Plaintiff was caused to be prosecuted unconstitutionally in violation of his constitutional rights.

115.   As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, Plaintiff was targeted based on an impermissible classification under the Equal Protection Clause of the Fourteenth Amendment, his race.

116.   As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City and NYPD, Plaintiff was deprived of his rights to liberty, speech, assembly, movement, and travel under the First, Fourth, Fifth, and Fourteenth Amendments to the

Constitution.

117.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

118.   Defendants, collectively and individually, while acting under color of state law, acquiesced in and encouraged a pattern of unconstitutional conduct by subordinate police officers, including POLICE OFFICER MEYLIN ALIFONZO, POLICE OFFICER EDVINAS VAREIKA, POLICE OFFICER ALFIO INDIVIGLIA, and POLICE OFFICERS JOHN DOE #4 – 6, Defendants herein, and were directly responsible for the violation of the constitutional rights of Plaintiff.

119.   All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right: not to be deprived of liberty without due process of law; to be free from search, seizure, and arrest not based upon probable cause; freely move lawfully outside one's home; to receive equal protection under the law; and to peaceably assemble and express free speech.

120.   That the aforementioned Defendant Policymakers' acted with gross negligence in the hiring, training, supervision, retention, and/or disciplining of all Police Officer Defendants, who enforced the subject illegal and unconstitutional Curfew Orders.

121.   That the aforementioned Defendant Policymakers', despite the egregious actions set forth herein by the Police Officer Defendants against MR. BLAKE, authorized and/or encouraged the Defendants illegal use of excessive force, and repeatedly failed to take any remedial or punitive steps against these Defendants for their illegal use of excessive force generally, despite the fact that such actions are persistent and widespread throughout the NYPD, and more specifically against the Plaintiff MR. BLAKE, and therefore an implied Policy of improper use of Excessive Force should be inferred.

122.   That as a direct result of the aforementioned Defendants official Policies, Rules, and Regulations, namely the Curfew Orders and use of excessive force, Plaintiff MR. BLAKE did sustain physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Monell Claim – Inadequate Training – 42 USC § 1983)

123.   Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "122" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

124.   That Defendants the City, NYPD, and "Captain" John Doe were Policymakers, for 42 U.S.C. § 1983 purposes, for the City and NYPD.

125.   That Defendants utterly failed to train their Officers, including the Police Officer Defendants herein.

126.   That Defendants as Policymakers, by failing to adequately train the Police Officer Defendants in not only the identification, use, and application of Constitutional and unconstitutional laws and orders, specifically including the subject Curfew Orders, as well as the proper identification, use, and application of reasonable force, acted with deliberate indifference to the Constitutional Rights of the Plaintiff MR. BLAKE as enumerated herein.

127.   That the aforementioned Defendant Policymakers' inadequate training of these Defendants directly resulted in the injuries complained of by Plaintiff MR. BLAKE, including physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

128.   That the aforementioned Defendant Policymakers' had actual and/or constructive knowledge of the Constitutional Violations by the Police Officer Defendants and failed to take any actions, including training, to correct their Constitutional Violations.

129.    That the aforementioned Defendant Policymakers' failure to train the Police Officer Defendants, amounts to a Policy of authorizing and encouraging their Constitutional violations, and misconduct and use of excessive force.

130.    That at all relevant times herein, and as a direct result of the Defendants' inactions, there existed a *de facto* policy of approval of the Police Officer Defendants enforcement of the illegal Curfew Orders, a tacit approval of the use of excessive force, more specifically against the Plaintiff MR. BLAKE, in violation of his Fourth Amendment Rights of the United States Constitution.

131.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as is the case with multiple arrests for curfew violations, and lawsuits for excessive force, including the Plaintiff's, as well as the City and NYPD's own statements, statistics, and reports.[1]

132.    That as a direct result of the aforementioned, Plaintiff MR. BLAKE did sustain physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (False Imprisonment – Intentional Tort)

133.    Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "132" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

---

[1] See CCRB annual public reports listing thousands of complaints of excessive use of force against NYPD officers, ranging from 4,734 allegations of excessive force in 2015, to 3,929 allegations of excessive force in 2019, as well as NYC Department of Investigation's December 2020 report. (https://www1.nyc.gov/assets/doi/reports/pdf/2020/DOIRpt.NYPD%20Reponse.%20GeorgeFloyd%20Protests.12. 18.2020.pdf)

134.   That at all relevant times herein the Plaintiff MR. BLAKE was illegally and wrongfully taken into custody by the Defendants, and Defendants did intend to, and did confine Plaintiff.

135.   That at all relevant times herein MR. BLAKE was illegally and wrongfully taken into custody by the Defendants and Plaintiff was conscious of the aforesaid confinement.

136.   That at all relevant times herein MR. BLAKE was illegally and wrongfully taken into custody by the Defendants and he did not consent to the confinement.

137.   That at all relevant times herein MR. BLAKE was illegally and wrongfully taken into custody by the Defendants and the aforesaid confinement was wrongful and not otherwise privileged.

138.   That as a direct result of the foregoing, the Plaintiff MR. BLAKE suffered damages, including physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

139.   Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "138" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

140.   That the Defendants owed a Duty of Care to the Plaintiff.

141.   That the Defendants have violated that Duty of Care owed to Plaintiff.

142.   That the Defendants have violated the Standard of Care.

143.   That through their Negligence, the Defendants have caused the negligent infliction of emotional distress on Plaintiff.

144.    That as a direct result of the foregoing, the Plaintiff MR. BLAKE suffered damages, including physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Negligent Hiring, Retention, and Supervision)**

145.    Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "144" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

146.    That the Defendants City and NYPD have negligently hired, supervised, trained, and retained employees of the NYPD who have contributed to the injury suffered by the Plaintiff MR. BLAKE.

147.    That the Defendants City and NYPD have created policies which permit and/or encourage an impermissible probable cause determination, and use of force, to the Police Officer Defendants.

148.    That the failures of Defendants the City and NYPD have resulted in the improper an impermissible probable cause determination, and use of force, to the Police Officer Defendants, which has resulted in an unreasonable escalation of the situation described herein, which is a proximate cause of the physical injuries sustained by MR. BLAKE.

149.    That Defendants the City and NYPD are responsible for the actions of their employees, the Police Officer Defendants.

150.    That Defendants the City and NYPD did not interfere in the abuse of MR. BLAKE by employees of NYPD, the Police Officer Defendants.

151.    As a result of the acts of each Defendant complained of, Plaintiff sustained injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Intentional Torts – Assault and Battery)

152.    Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "151" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

153.    The Police Officer Defendants intentionally committed the tortious act of assault against the Plaintiff MR. BLAKE by intentionally placing him in apprehension of imminent and harmful contact by these Defendants, all of whom did have the ability to cause such a physical assault and harm.

154.    On or about June 5, 2020, the Police Officer Defendants, committed battery upon and against the Plaintiff MR. BLAKE by making an intentional and offensive bodily contact against him, without his consent.

155.    As a result of the acts of the Police Officer Defendants, Plaintiff sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, injury to his reputation, and other pecuniary loss.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

156.    Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "155" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

157.    Defendants City, NYPD, and the Police Officer Defendants, have violated the Duty of Care owed to MR. BLAKE.

158.    Defendants City, NYPD, and the Police Officer Defendants, have violated the Standard of Care.

159.    That the actions and conduct of the Defendants, as set forth herein, were extreme

and outrageous.

160.     That the actions and conduct of the Defendants, as set forth herein, were done with the intent to cause extreme and severe emotional distress to Plaintiff.

161.     That the actions and conduct of the Defendants, as set forth herein, were the proximate cause of the Plaintiff's injuries.

162.     That the within actions and conduct of the Defendants did cause the Plaintiff to suffer severe emotional distress that no reasonable person should have to suffer or endure. Defendants either intended to inflict emotional distress upon Plaintiff by engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress.

163.     As a result of the acts of each Defendant complained of, Plaintiff sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

### AS AND FOR A TWELFTH CAUSE OF ACTION
**(Malicious Prosecution)**

164.     Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "163" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

165.     Defendants City, NYPD, and Police Officer Defendants did arrest the Plaintiff for violating the illegal and unconstitutional Curfew Orders, a Class B Misdemeanor.

166.     Defendants City, NYPD, and Police Officer Defendants, knew or should have known, that said Curfew Orders were illegal and unconstitutional, and should not have enforced said Curfew Orders because probable cause to arrest and prosecute the Plaintiff was clearly lacking.

167.     Defendants City, NYPD, and Police Officer Defendants, by enforcing the Curfew Orders, which they knew were illegal and unconstitutional, acted with malice.

168.     Defendants City, NYPD, and Police Officer Defendants, did arrest and attempt to

prosecute the Plaintiff under a facially valid summons.

169.    That upon information and belief, on or about September 9, 2020, the aforesaid criminal prosecution was terminated in favor of the Plaintiff by its dismissal.

170.    As a result of the acts of each Defendant complained of, Plaintiff sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff demands Judgment as follows:

    a.    First Cause of Action: in excess of $1,000,000.00 in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    b.    Second Cause of Action:  in excess of $1,000,000.00,  in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    c.    Third Cause of Action:  in  excess  of  $1,000,000.00,  in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    d.    Fourth Cause of Action: in excess of $1,000,000.00,  in damages,  compensatory damages, punitive damages, costs, interest, and attorney's fees;

    e.    Fifth Cause of Action: in excess of $1,000,000.00,  in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

    f.    Sixth Cause of Action: in  excess  of  $1,000,000.00,  in damages, compensatory damages, punitive damages, costs, interest, and attorney's

fees;

g.      Seventh Cause of Action:   in   excess   of   $1,000,000.00,   in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

h.      Eighth Cause of Action:   in   excess   of   $1,000,000.00,   in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

i.      Ninth Cause of Action:   in   excess   of   $1,000,000.00,   in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

j.      Tenth Cause of Action:   in   excess   of   $1,000,000.00,   in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

k.      Eleventh Cause of Action:   in   excess   of   $1,000,000.00,   in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

l.      Twelfth Cause of Action:   in   excess   of   $1,000,000.00,   in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

m.      Attorney's fees and costs pursuant to 42 U.S.C.A. § 1988;

n.      A Declaratory Judgment that Defendants willfully violated Plaintiff's Rights secured by the United States Constitution, Federal, State, and Local law as alleged herein;

o.      Injunctive relief:  an injunction requiring Defendants to correct all

present and past Constitutional, Federal, State, and Local Law violations as alleged

herein; to enjoin Defendants from continuing to act in violation of Federal, State and

Local law as alleged herein; and to order such other injunctive relief as may be

appropriate to prevent any future violations of said Constitutional, Federal, State and

Local Laws;

        p.     Deeming the Curfew Orders, and their enforcement, illegal and

unconstitutional; and

        q.     An order granting such other legal and equitable relief as this Court

deems just and proper under the circumstances.

Dated: April 6, 2022                  Yours, etc.,
      New York, NY             **ETHAN D. IRWIN, PLLC**

                                    _____
                               Ethan D. Irwin, Esq.
                  Attorneys for Plaintiff
                  165 Broadway, 23rd Floor
                  New York, NY 10006
                  Tel. (929) 286-6522
                  *e*Fax: (516) 706-6948
                  ethan@ethanirwinlaw.com

To Defendants:

THE CITY OF NEW YORK
Attn: Corporation Counsel
100 Church St., 5 Fl.
New York, NY 10007

THE CITY OF NEW YORK
c/o Office of the New York City Comptroller
1 Centre Street, Room 1225
New York, NY 10007

NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, NY 10038

NEW YORK CITY POLICE DEPARTMENT POLICE OFFICERS JOHN DOEs #4 – 6
One Police Plaza
New York, NY 10038

POLICE OFFICER MEYLIN ALIFONZO
One Police Plaza
New York, NY 10038

POLICE OFFICER EDVINAS VAREIKA
One Police Plaza
New York, NY 10038

POLICE OFFICER ALFIO INDIVIGLIA
One Police Plaza
New York, NY 10038