Case 1:21-cv-00188-JHR   Document 70   Filed 06/12/23   Page 1 of 3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES BLAKE,

                      Plaintiff,

        -v.-

THE CITY OF NEW YORK, et al.,

                      Defendants.

21 Civ. 00188 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      On March 9, 2023, the Court granted Plaintiff permission to move, by order to show cause, to hold non-party Cohen's Fashion Optical ("Cohen's") in civil contempt. ECF No. 59. The Court ordered Plaintiff to serve Cohen's in accordance with, *inter alia*, "the S.D.N.Y. Local Rules, including Local Civil Rule 83.6." *Id.* According to Local Rule 83.6, "[w]here the alleged contemnor has appeared in the action by an attorney, the notice of motion or order to show cause and the papers upon which it is based may be served upon said attorney; otherwise service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." L.R. 83.6(a).

      Upon review of Plaintiff's submissions in connection with his motion for contempt, it did not appear that Cohen's had been served in accordance with Local Rule 83.6. Specifically, although the docket reflects that Cohen's was served with Plaintiff's subpoena and his letter-motion to compel compliance with the subpoena (*see, e.g.*, ECF No. 50), in addition to several orders entered by the Court, there is no evidence that Cohen's was served with Plaintiff's "[proposed] order to show cause [to hold Cohen's in civil contempt] and the papers upon which it is based," nor that these papers were served "in the manner provided by the Federal Rules of Civil Procedure for the service of a summons." L.R. 83.6(a). Therefore, on June 6, 2023, the

Court ordered Plaintiff to file proof of service in accordance with Local Rule 83.6 or a letter explaining why such service was not made in compliance with that Rule, and adjourned the June 8, 2023 contempt hearing *sine die*. ECF No. 69. The Court also ordered Plaintiff, by June 7, 2023, to serve Cohen's with the Court's June 6, 2023 Order and to file proof of such service within two business days. *Id.* To date, Plaintiff has not made any of these submissions ordered by the Court.

**Local Rule 83.6 requires that Plaintiff's motion for contempt and supporting papers be served on Cohen's in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons**. *See* L.R. 83.6. Service of the contempt papers by other means is not sufficient, nor does actual notice of the contempt application satisfy this requirement. *See Drywall Tapers & Pointers of Greater New York v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 889 F.2d 389, 397-98 (2d Cir. 1989); *see, e.g.*, *N.Y.C. Dist. Council of Carpenters Pension Fund v. G & M Drywall Sys. Inc.*, No. 07 Civ. 1969 (CM), 2010 WL 2291490, at *14-15 (S.D.N.Y. June 1, 2010) (vacating order holding non-party in contempt where movant had failed to serve contempt application in accordance with Local Rule 83.6, having served instead by certified mail).

Accordingly, Plaintiff's motion to hold Cohen's in civil contempt is DENIED without prejudice to refile or renew the motion, along with proof of service in accordance with Local Rule 83.6. Plaintiff shall promptly file proof of service on Cohen's of the Court's June 6, 2023 Order. In addition, Plaintiff shall promptly serve Cohen's by certified mail with a copy of this Order and file proof of such service.

SO ORDERED.

Dated: June 12, 2023
       New York, New York

                                                                            _____
                                                                           JENNIFER H. REARDEN
                                                                           United States District Judge